th and coping court hasn't come from president the sherry murphy in this case this is a somewhat interesting case in illinois in order to legally possess a firearm as that term is statutorily defined which is broader than what most people think of as a firearm barring certain narrow exceptions one is required to have a firearm on his identification card colloquially called a FOIC card the statute was enacted in the sixties and remains in effect as modified a person that is qualified under the statute to receive a FOIC card is entitled to it, it is a matter of course the state has no discretion to deny it for any reason that's not listed in the statute the statute also sets forth that the state is required to either approve or deny the application for a FOIC card within thirty days of application again there's no discretion in the statute is the state required to investigate? I mean you say there's no discretion, but obviously there are factors to consider, are there not? well there are factors to consider yes there's an application that's sent in that is under oath that asks certain questions like what's your age, what's your date of birth, state your criminal record I'm paraphrasing of course uh... the state has a computer uh... they run background checks on essentially instantly can answer essentially every question on a person's background of significance or relevance to the application the simple fact of the matter is that for whatever reason be it inadequate appropriations being it's whatever reason a significant percentage of the time the state does not get around to approving or denying the FOIC card within the thirty day statutory time period there is in the record uh... a reporter of the office of the inspector general of the state of Illinois noting that for the years that it studied it forty to fifty percent of the FOIC cards were not processed within the thirty day time period the record indicates that goes on today this case was filed primarily in order to have the state enforce the law that they have written my clients, the plaintiffs in this case all applied for FOIC cards all of them took more than thirty days to receive during the excess time period that between the thirty days that uh... the state had and the time that my clients didn't receive uh... their FOIC cards my clients could not exercise their second amendment rights couldn't legally own a firearm as that term is defined in the statute simply because the state for whatever reason didn't get around to processing their application we have a three count complaint three count amended complaint that was ultimately dismissed because the trial court found that the thirty day time period was directory not mandatory in order for it to be directory and not mandatory that means that the thirty day time period in the statute doesn't mean anything but the statute itself uses the word shall and it's a quote in the brief at 430 ILCS 65-5 the relevant part the defendant shall either approve or deny all applications within thirty days quote unquote and quote every applicant found qualified under section 8 of this act dot dot dot shall be entitled to a FOIC card upon payment of a ten dollar fee for years that hasn't happened that continues not to happen there is nothing in the record that indicates that that's going to stop that the states going to start complying with the law anytime soon what we have like I said is the state simply will get around to issuing it some people will get it in thirty days some people will get it in forty days some people will get it in a hundred and forty days that's not the law and where it's especially problematic is where people renew their FOIC cards people that go out and buy a firearm possess it their FOIC card comes near the expiration date they apply for a renewal they timely apply for a renewal and they don't get a timely renewal they call up and nobody can tell them anything assume they didn't get a person on the phone so there's time periods which is what my clients are ultimately afraid is going to happen to them based on the fact and the history is that the firearm they've lawfully purchased and lawfully possessed their FOIC card is going to expire while it's being processed for the renewal and they'll be in violation of the law if the state complied with the statute that problem wouldn't exist there's two aspects of this appeal the first deals with Sherry Murphy one of the named plaintiffs specifically and doesn't apply to the other named plaintiffs and that is that the trial for Judge Crowder at that time found based on a motion to dismiss under 2619 I believe that her FOIC card application only took 29 days which was the argument of the state it is our argument and the argument in the brief that a motion to dismiss that argues facts that are contrary to the well pleaded complaint are not appropriate you cannot dispute facts in a motion to dismiss that are contrary to the well pleaded complaint that's either for trial or summary judgment so as to that point vis-a-vis Sherry Murphy we would ask that this court reverse the circuit court's dismissal of Sherry Murphy's claims specifically as to Sherry Murphy generally assuming we get past that hurdle and to all the other plaintiffs specifically the case is reassigned to Judge Flack and Judge Flack dismissed the case finding that the regulatory regime was directory but this court's opinion in Calper v. Nyberg stated that ministerial acts are those that a person performs on a given state of facts in a prescribed manner in obedience to the mandate of legal authority and without reference to the official's discretion as to the propriety of the act Calper ultimately went up to the Supreme Court and the Supreme Court affirmed that in part and reversed it in part but the Supreme Court in one line said that this court got it right in its analysis of whether something was ministerial or not so I believe that this court's Calper ruling as to whether or not something is ministerial remains good law and I believe it is correct and if you apply that to this case the defendant has no discretion a computer could do what the defendant is obliged to do once the computer is programmed you put in the application where it has checked on the boxes whether you're a convicted felon underage so on and so forth run the background check and if nothing comes up the computer could issue the license that's all that's required of the defendant in this case if hypothetically and I understand he's dead but if Charles Manson were to be pardoned and released Charles Manson and if he applied for a FOINT card the defendant would have no discretion to deny that FOINT card application under our statute just by way of example what relief are you requesting? we're asking that the defendant be enjoined from taking longer than 30 days to process these applications and we understand that sometimes administrative errors happen that's not what this case is about this case as per the consistent argument is that this is a continuous systematic violation of the statute that has gone on for the better part of a decade with no signs of ending the only way it's going to end is with judicial intervention the state has in the past when ordered to comply with the law and that's what we're seeking to have the court order the state to do here is comply with their own statute that they prosecute people for violating obviously we can't prosecute the state but we can have the court order them to comply with the statute that they do enforce and that's what we're asking here today and we ask that this court reverse the district court on the two dismissal orders and to remand the case with instructions to proceed with the understanding that this is a ministerial act not a directory act thank you thank you counsel good morning your honor counsel and may it please the court assistant attorney general on behalf of defendant's faculty Leo P. Schmitz the director of the Illinois state police in his official capacity and former director Hiram Grau in his individual capacity all three of the plaintiffs in this case have a void card and every single one of them had a void card since before they filed their amended complaint in 2014 during the proceedings below the circuit court dismissed Murphy as a plaintiff for lack of standing and granted summary judgment to defendants on the remaining plaintiffs claims because section 5 of the void act is a directory and not a mandatory statute this court should affirm the circuit court's judgment for three reasons first, plaintiffs claims are moot as they all have their void cards and have had them since 2013 second, plaintiffs cannot obtain mandamus or injunctive relief because the void act is a discretionary statute and section 5 of the act is directory in nature and third, plaintiffs have forfeited any arguments under section 1983 and in any event could not obtain relief under section 1983 as there is no underlying constitutional violation and defendants are entitled to qualified immunity to begin the plaintiffs mandamus and injunction claims are moot because they received their void cards in 2013 in count one of the complaints the plaintiffs sought mandamus to compel the Illinois state police to issue them void cards and in count two they sought injunctive relief under section 1983 to compel the state police to issue them void cards but plaintiffs already had their void cards they all obtained void cards in 2013 a claim is moot whenever there is no actual controversy and when it is impossible for a reviewing court to grant relief counsel what about the public interest exception the public interest exception here is simply not a good option for evading the mootness doctrine because the public interest exception criterion cannot be met plaintiffs have failed to show that their situation is likely to be recurring in the future, void cards are valid for ten years and technology has been continuously improving and the state police have made great strides in reducing the amount of time required to process these cards as just noted in the record on pages 374, 376 and 42 the state police have hired more employees streamlined the process in order to go through federal prohibitors and other sorts of issues and criterion in section 8 of the void act created new efficiencies in terms of working with court staff in order to obtain records about mental health and have created a new technology system implemented for streamlining the process thus it is highly unlikely that the case in 2023 when these particular plaintiffs have to apply for a void card will be the same they may not even want a void card and it will require the individuals at the state police to go through the entire section 8 process to see what the criminal history and all the other discretionary factors that the state police must evaluate and investigate are completed furthermore, a decision on the merits will not provide any future guidance to public officers in the performance of their duties and this actually brings me to my second point about the fact that mandamus relief is unavailable here and council has been complaining the mandatory permissive and the mandatory directory statutes by using the word shall and I'd like to just take a moment to clear that up under the mandatory permissive dichotomy the word shall in a statute shows that there is an obligatory duty that an official must perform ISP has never disputed that section 5 of the void act is mandatory in this type of a sense because it does have an obligation to rule on a void application within 30 days but plaintiffs cannot succeed because section 5 of the void act is not mandatory under the mandatory directory dichotomy in the mandatory directory question the word shall is not outcome determinative the question is whether a procedural provision in a statute has a specific consequence that is triggered by failing to comply with that procedural provision and if there is a consequence then the statute is mandatory if there is no consequence then the statute is directory and here section 5 is directory because there is no consequence for any sort of non-compliance if the state police fails to complete application processing within 30 days the applicant does not automatically get a void card they also have no dismissal of their application, there is no fiscal penalty on the part of the Illinois State Police and the Illinois State Police does not lose the authority to decide upon a void application turning to the void application itself deciding whether to grant or deny the application is a discretionary act, mandamus can only be used to compel a public official to perform a purely ministerial duty where no exercise of discretion is involved and the void act is discretionary as the state police must exercise their discretion to determine if an applicant is qualified to obtain a void card section 8 of the void act requires the state police to evaluate and investigate things like whether an applicant's mental condition is of such a nature that they pose a clear and present danger to the applicant or people in the community if the applicant has an intellectual disability or if the applicant was convicted of a felony under the laws of this or any other jurisdiction furthermore mandamus cannot issue when there is an alternative remedy available and here the alternative remedy is an appeal to the director of the Illinois state police section 10 of the void act specifically directs applicants that if the state police fails to act on an application within 30 days of receipt the agreed party may appeal to the director of the state police for a hearing none of the plaintiffs here, and there are only three plaintiffs as none of them have third party standing to raise the rights of other individuals in the future actually ask the director for any sort of relief going back to the point on mootness I do just want to show that in terms of them asking for relief to enjoin the state police for taking longer than 30 days they again have third party standing and the motion for class certification was never renewed nor was it requested to be ruled on below finally this court should affirm the circuit court's judgment because plaintiffs forfeited any section 1983 arguments to the extent that they have argued today that the void process creates an unconstitutional violation of the second amendment rights plaintiffs made no mention of their section 1983 claims in their opening brief and section 1983 would be unavailable both because there is no underlying constitutional violation and because defendants would be entitled to qualified immunity accordingly if there are no further questions the plaintiffs claims are moot and because section 5 is a directory and not a mandatory statute from which injunctive and mandamus relief are unavailable defendants appellees would request that this court affirm the circuit court's judgment thank you thank you counsel thank you your honors as the court of people the I'm going to butcher the pronunciation cited in the brief 235 Illinois 2nd 507 noted that the mandatory directory relates to the mandatory directory dichotomy the presumption of something being directory is overcome when counsel referenced one of the two exceptions the second is the right the provision is designed to protect would generally be injured under a directory reading the whole point of the 30 day time period is to limit the infringement on the right to bear arms that the whole FOID card itself as a concept provides and to protect the rights of Illinois citizens or other persons who might be entitled to a FOID card to a speedy determination of whether they're entitled to it that's the second exception as relates to the mandatory directory dichotomy and that clearly applies here if nothing else does because we are talking about the regulation of a fundamental constitutional right as far as allegedly no reference being made to the 1983 count in the brief that's simply not true the court has the brief we request reversal on all three counts the fact that all three counts were dismissed on the same basis so the argument for one as relates to the mandatory directory dichotomy is the argument for all three I could have split those up but I'd be repeating the same thing three times the court has better things to do than read the same argument three times unless the court has any questions so you're basically saying that Elijah Keller and Elijah McCombs Chicago that the directory that a mandatory time limit is reasonable but a directory time limit is not reasonable correct thank you thank you we appreciate the briefs and arguments of counsel we'll take this case under advisement and initiate a new course